IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DANIEL SERVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-247-JDK-JDL |
| | § | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this case pursuant to Social Security Act § 205(g), seeking judicial review of the Commissioner's denial of his Social Security benefit application. This case was referred to United States Magistrate Judge John D. Love, who issued a report and recommendation recommending that the Court affirm the Commissioner's decision and dismiss this case with prejudice. Docket No. 17. Plaintiff timely objected to the report. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

Plaintiff raises several objections. However, as discussed below, the Court overrules each objection.

Plaintiff first objects on the basis that Dr. Hanna's and Dr. Hamer's reports do not provide substantial evidence for the ALJ's rejection of the restrictions proposed by Dr. Kranz. Docket No. 18 at 2. Plaintiff argues that Dr. Hanna's report does not provide substantial evidence because Dr. Hanna is the State Agency's reviewing physician and did not examine Plaintiff. *Id*. Plaintiff cites *Hill v. Berryhill,* 718 F. App'x 250, 255 (5th Cir. 2018), for the proposition that "[a]n ALJ may properly rely on the opinion of a non-examining physician when those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Id*. at 2–3. Plaintiff argues that the ALJ's reliance on Dr. Hanna's opinion falls short of that standard.

The Court disagrees. Under *Hill*, "[t]he ALJ may rely on a non-examining physician's assessments so long as the report of the non-examining physician is not the sole medical evidence presented and as long as the non-examining physician does not draw specific medical conclusions that either contradict or are unsupported by findings made by an examining physician." *Hill*, 718 F. App'x at 255 (internal quotations omitted). Here, Dr. Hanna's report was not the sole medical evidence presented. Rather, as mentioned in Judge Love's report, the ALJ also cited the opinion of Dr. Hamer, Plaintiff's treating physician. Docket No. 17 at 9; Tr. at 28.

2

Dr. Hamer found that Plaintiff was "alert and oriented to person, place, and time, with clear and fluent speech." *Id*. Thus, Dr. Hanna's medical conclusions are supported by a treating physician's finding.

Plaintiff next argues that Dr. Hamer's report does not provide substantial evidence to reject Dr. Kranz's proposed restrictions because Dr. Hamer's findings are consistent with Dr. Kranz's findings and Dr. Hamer did not offer an assessment of restrictions. Docket No. 18 at 3. Plaintiff argues that Dr. Hamer and Dr. Kranz found that Plaintiff is fully oriented, of average intelligence, unable to maintain concentration, has anxiety and memory issues, and exhibits neurological defects. *Id*. Thus, Plaintiff argues that because both Dr. Hamer and Dr. Kranz had similar findings, Dr. Hamer's report could not provide substantial evidence to reject Dr. Kranz's limiting restrictions because Dr. Hamer did not offer restrictions.

Again, the Court disagrees. The ALJ could have concluded that Dr. Hamer's report does not support Dr. Kranz's limiting restrictions. In fact, the ALJ states that Dr. Hamer found that Plaintiff was "alert and oriented to person, place, and time, with clear and fluent speech" and uses this to support his conclusion that Dr. Kranz's proposed restrictions were too limiting for Plaintiff's symptoms. Tr. at 28–30. Contrary to Plaintiff's argument, Dr. Hamer's report, in conjunction with the other evidence cited by the ALJ provides substantial evidence to reject Dr. Kranz's limiting restrictions.

Next, Plaintiff argues that even if the ALJ's RFC is supported by substantial evidence, the ALJ should be reversed because she did not comply with 20 C.F.R.

§ 404.1520c(b)(2), which requires the ALJ to consider the regulatory factors of supportability and consistency. Docket No. 18 at 3–5. Plaintiff adds a footnote mentioning that Plaintiff's brief discussed "why the ALJ erred by relying on mental status examination findings which included orientation to person, place, and time, a logical and goal directed thought process, fair insight, good judgment, and average intelligence; however, the U.S. Magistrate Judge declined to address these arguments as unnecessary, finding that the ALJ discounted Dr. Kranz's restriction assessment via evidence other than these particular mental examination findings." *Id*. at 4. Plaintiff further argues that the ALJ's reliance on Plaintiff engaging in activities that are not consistent with Dr. Kranz's restrictions are not enough to satisfy the requirement in 20 C.F.R. § 404.1520c(b)(2).

The Court finds that the ALJ has satisfied the requirements of 20 C.F.R. § 404.1520c(b)(2). The guidelines in 20 C.F.R. § 404.1520c(b)(2) state that ALJs must explain how they consider the supportability and consistency factors for a medical source's opinions. 20 C.F.R. § 404.1520c(b)(2). As mentioned in Judge Love's report, the ALJ discussed why she did not find that Dr. Kranz's restrictions were supported by or consistent with the evidence of record. Docket No. 17 at 9. Specifically, the ALJ did not find Dr. Kranz's restrictions consistent with or supported by Dr. Hanna's opinion, Dr. Hamer's opinion, or Plaintiff's activities. Tr. at 28–30.

Plaintiff argues that his case is similar to *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), where the court found that the ALJ committed error by finding that minimal daily activities established that Plaintiff could engage in substantial

physical activities, even though this was contrary to the medical record. Docket No. 18 at 4. But in *Clifford*, the court found that the ALJ had not adequately articulated how the evidence of record supported his conclusion. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). As explained above, in this case, the ALJ adequately explained her reasoning for rejecting Dr. Kranz's restrictions and pointed to the evidence of record.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 17) as the opinion of the District Court. The Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **2nd** day of **May, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE